■ DELTOWN FOODS, INCORPORATED, et al., Appellants, v. MARVIN T. SILVERMAN et al., Respondents.— Two orders, Supreme Court, New York County, each entered on August 14, 1972, denying plaintiffs' motion for a preliminary injunction and their motion for leave to renew, unanimously affirmed; the stay continued by order of this court entered on August 31, 1972, is vacated; all intermediate requirements, inclusive of the statement of readiness, with the exception of payment of fees, are dispensed with, and the parties are directed to proceed to trial forthwith, with costs to abide the event. Concur — Stevens, P. J., McGivern, Markewich, Kupferman and Steuer, JJ.

## (October 12, 1972)

■ In the Matter of JOSEPH R. MACK, Petitioner, v. IRWIN DAVIDSON, Respondent.— Order and judgment (one paper), Supreme Court, Bronx County, entered on September 13, 1972, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs and without disbursements, and vacated. In this article 78 proceeding, petitioner, a member of the Bar of the State of New York, brings up for review his punishment by fine for contempt committed in the presence of the court during the selection of a jury in the matter of *People* v. *Ford*. While counsel was perhaps overzealous in pursuing his contention of race discrimination during the *voir dire* and in his colloquy with the court, his attitude and conduct did not reach the level of contempt. Concur — McGivern, J. P., Markewich, Nunez, Kupferman and Murphy, JJ.

## (October 17, 1972)

■ HELEN ROSHKIND, Respondent, v. MICHAEL ROSHKIND, Appellant.— Order, Supreme Court, New York County, entered July 6, 1972, which granted plaintiff wife temporary alimony and awarded counsel fees and directed the defendant husband to maintain existing insurance policies, unanimously modified, on the law, the facts and in the exercise of discretion, without costs and without disbursements, to the extent of reducing temporary alimony to $450 per week and counsel fees to $4,500, and modifying the direction to maintain existing insurance policies to include only medical, automobile and household insurance and the like and eliminating any life or annuity policy (*Winter* v. *Winter*, 39 A D 2d 69), and otherwise affirmed. In balancing the necessary facts for a determination of the amount of support (*Phillips* v. *Phillips*, 1 A D 2d 393, 398, affd. without opn., 2 N Y 2d 742), in view of the sharply contested contentions, the amount indicated is within the husband's ability to pay and should be sufficient to maintain the wife pending the trial. (See *Bleiman* v. *Bleiman*, 272 App. Div. 760.) The award of counsel fees was excessive to the extent indicated. Concur — McGivern, J. P., Kupferman, McNally, Capozzoli and Macken, JJ.